# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:18-cr-03109-RK |
| | ) | |
| (2) TOMMY L. CANALE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's motion for "sentence conversion to home detention pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act and the CARES Act." (Doc. 91.) The motion is fully briefed. (Doc. 95.)[1]

On May 31, 2019, the Court accepted Defendant's plea of guilty, pursuant to the Report and Recommendation of U.S. Magistrate Judge David P. Rush, to conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Doc. 47.) Accordingly, on December 6, 2019, the Court sentenced Defendant to 144 months' imprisonment committed to the custody of the United States Bureau of Prisons ("BOP"). (Doc. 61.)

## I. Defendant's motion for compassionate release

In his motion, Defendant states he has exhausted his administrative remedies under § 3582(c)(1)(A)(i). Additionally, Defendant states he is fifty-five years old and suffers from severe asthma, high blood pressure, and high cholesterol, each of which requires treatment with medication. (Doc. 91 at 2.) Defendant also states he suffers from the effects of a prior lung injury. (*Id.*) He argues as a result, he is "particularly vulnerable to the COVID[-19] virus" and "there are extraordinary and compelling reasons that warrant conversion of [Defendant]'s sentence to home detention." (*Id.* at 3.) Defendant argues he has a "low Pattern Score and does not pose a threat" to any individual or the community. (*Id.*)

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, the Court may modify a defendant's term of imprisonment only as follows:

---

[1] Defendant has not filed a reply, and the time for doing so has passed.

> The court may not modify a term of imprisonment once it has been imposed except that . . . [i]n any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, to be entitled to compassionate release under § 3582(c)(1)(A)(i), Defendant must demonstrate the following: (1) that he has exhausted his administrative remedies; (2) that extraordinary and compelling reasons warrant a reduction of his sentence; and (3) that the sentencing factors outlined in section 3553(a) support release. *Id.*[2]

Defendant argues extraordinary and compelling reasons warrant relief because of the COVID-19 pandemic combined with his age and underlying health concerns. In response, the Government does not dispute Defendant's underlying health conditions and that in the context of COVID-19, these conditions generally present extraordinary and compelling circumstances for purposes of compassionate release. (Doc. 95 at 9.) At the same time, however, the Government argues Defendant has not shown extraordinary and compelling circumstances notwithstanding these medical conditions because, as reflected in Defendant's medical records,[3] the Defendant twice refused a COVID-19 immunization in March and August of 2021. (*Id.* at 11.)

Other federal courts have found when a defendant seeking compassionate release refuses a COVID-19 vaccination that would otherwise mitigate risks associated with the virus given the defendant's underlying medical history, the context of COVID-19 does not present extraordinary and compelling circumstances under § 3582(c)(1)(A)(i). *See, e.g., United States v. Anguiano*, No. 17-135(1) ADM/DTS, 2021 WL 1577650, at *4 (D. Minn. April 22, 2021) (citing *United States v. McBride*, No. 519CR07, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021); *United States v. Gonzalez Zambrano*, No. 18-CR-2002, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021)), *aff'd by* No. 21-2104, 2021 WL 5365216 (8th Cir. May 19, 2021).

---

[2] The Government does not contest that Defendant has exhausted his administrative remedies. (*See* Doc. 95 at 5.)

[3] In order to protect Defendant's privacy, the Government did not attach Defendant's medical records to its response but stated they were available to the Court upon request.

2

Even so, notwithstanding whether Defendant can show extraordinary and compelling circumstances for compassionate release in light of COVID-19 and his underlying health concerns, the Court finds the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of compassionate release.

Section 3582(c)(1)(A) requires the Court to consider the factors set forth by § 3553(a) in evaluating a motion for compassionate release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a)(1)-(2). Given the seriousness of Defendant's offense – that involved 3.33 kilograms of methamphetamine attributed to Defendant – as well as Defendant's criminal history and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and deter and protect the public from future criminal conduct by Defendant, the Court does not find these factors weigh in favor of compassionate release.

## II. Home Confinement

Finally, the Court notes to the extent Defendant specifically seeks "conversion of [his] sentence to home detention," under federal law, the BOP "possesses the exclusive authority to determine the placement of prisoners." *United States v. Mata*, No. 2:15-cr-93, 2020 WL 3442320, at *1 (D.N.D. June 23, 2020) (citing 18 U.S.C. §§ 3621(b) & 3624(c)) (other citations omitted); *see United States v. Libby*, No. 15-182 (DWF/LIB), 2021 WL 254407, at *3 (D. Minn. Jan. 26, 2021) (recognizing, "Courts have consistently held that placement questions are not reviewable.") (collecting cases). And as various courts in this district have recognized, including the Eighth Circuit, neither the First Step Act nor the CARES Act extend any authority to federal courts to convert an inmate's sentence to home confinement. *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (federal courts have no authority under the CARES Act regarding a prisoner's placement on home confinement); *United States v. Giboney*, No. 4:15-CR-00097-JAR-1, 2021 WL

409960, at *3 (E.D. Mo. Feb. 5, 2021) (these statutes "merely give inmates the possibility to be considered for home confinement" but the decision ultimately remains with the BOP; federal courts have no authority to order home confinement under these provisions); *United States v. Blaylock*, No. 1:12-cr-10010-001, 2020 WL 4344915, at *3-4 (W.D. Ark. June 1, 2020) (federal courts have no authority under § 3582, the First Step Act, or the CARES Act to place a federal prisoner on home confinement).

### III. Conclusion

Defendant's motion for compassionate release and/or relief under the First Step Act and CARES Act to modify his sentence to home confinement (Doc. 91) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 21, 2022